O’Neall, J.
That the statute of limitations, as against a fight of action for the property of an intestate, and of - which he died in the actual possession, will hot begin to run until the grant of administration, seems to be settled by the case, of Geiger v. Brown, 4 M’C. 423 ; and I am satisfied, that that rule applies in full force to this case. The statute could not commence to run, until the legal right to sue was vested in some one. This legal right to sue arises from the grant of administration : for although, constructively, the administrator represents the rights pf his intestate from his death, and may maintain an action for any injury done to the personal property of his intestate between bis death and the grant of administration ; yet his right of action in this case is derivative from his intestate, and bis letterg *597 of administration are a part of his title to sue and recover, and until his title accrued, the statute could not run. Until then, no one could assert the rights of the intestate,, and of course no legal bar, which proceeds upon the presumption of acquiescence in an adverse title, could attach ; unless indeed the idea, that the whole personal estate of an intestate is cast upon the ■ordinary until the grant of administration be well founded : and if so, then the maxim, nullum tempus occurrit regí, prevents the operation of the statute. For the ordinary is, in this respect, the representative of the sovereignty of the State; and standing in its place, or that of the king, in England, time would be no bar against him. It may, and probably will, present k very different question, whether after a great lapse of time, a former administration would not be presumed ; but no such presumption can arise in this case : for from the intestate’s death, to the trial, was only about seven years ; and so short a time has never been supposed to be sufficient to create any presumption in law.
I have no doubt, but that administration granted to an executor de son tort, will by relation cure his tortious acts: but that cannot avail the defendant here ; for the effect of the rule is, merely to legalize the acts, done as executor tie son tort, both for, and against him. In them, and to their extent, and valué, by virtue of his intermeddling as executor, he becomes chargeable as such. Let it be conceded, that the áefendant concurred in the sale made by his sister : so far, and no farther, he was liable as executor de son tort; and this sale is, by his subsequent administration, made, as against him, good and legal. But there was no sale or other disposition, made of the chattel now in dispute ; and of course the plaintiff could not be considered as assenting to any divesting of the rights of his intestate, which was not, in point of fact, attempted to be done. If an intermeddling with a part of the estate would prevent a recovery by the plaintiff in this case, it would have the singular effect of divesting the intestate of his property, without casting on any one a liability to account for its value. • As administrator, the plaintiff is only liable to account for the goods, chattels, and credits, of his intestate, which came to his hands, either before, or after administration : and never having intermeddled with the *598 slave now in dispute, he would, of course, not be liable for his value.
But the very case of Mountford v. Gibson, 4 East, 445, which was relied on in support of the motion, negatives the conclusion attempted to be drawn from it. Lord Ellenborough, speaking of the case of Whitehall v. Squire, in Carth, 104, says, “ By Lord Holt’s opinion, the plaintiff should have recovered ; and he never intimated, that the delivery being made by one acting as executor de son tort, would be a bar to an action by the rightful administrator: and the other two judges, who differed from him in the conclusion, never questioned the right of the administrator to maintain such an action in general; but they held that the plaintiff, being a particeps criminis, in the very act he complained of, should not be permitted to recover upon it against the person with whom he colluded.” So here, if the plaintiff had sold, or delivered the slave, for any consideration, to the defendant, I should have held that he could not recover : but without some attempt to change the property, on his part, he cannot be legally concluded from maintaining this action.
Johnson, J. concurred.
Motion yefused.